# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| SHAVEON COMAGE, ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) Civ. No. 1:24-cv-01190-SHM-tmp |
| TONYA FISHER, ET AL., | ) |
| Defendants. | ) |

**ORDER GRANTING MOTIONS TO AMEND (ECF NOS. 15 & 22), DIRECTING THE CLERK TO MODIFY THE DOCKET; DENYING MOTION FOR PRELIMINARY INJUNCTION; DISMISSING THE CONSOLIDATED COMPLAINT WITHOUT PREJUDICE; AND GRANTING LEAVE TO AMEND**

On September 3, 2024, a *pro se* civil complaint was filed pursuant to 42 U.S.C. § 1983 by eight pretrial detainees at the Haywood County Jail ("HCJ"): Shaveon Comage, J.W. Miller, Jr., Bishop Owens, Brandon Walker, Justice Clyde Morgan, Deshawn Maleek Renteria, Jeremy Jones, and Richard West. (ECF No. 1 at PageID 1.) On October 2, 2024, Morgan filed a Motion for Preliminary Injunction and For Appointment of Counsel (ECF No. 13) and a Motion to Amend Complaint (ECF No. 15). On December 4, 2024, the Court entered an Order Granting In Part And Denying In Part Leave to Proceed *In Forma Pauperis*, Dismissing West, Comage, Owens, Walker, and Renteria Without Prejudice, Assessing Proportionate Shares of the Filing Fee in Accordance with the PLRA, and Directing Clerk to Mail Order. (ECF No. 21.) On December 9, 2024, Morgan filed a second Motion to Amend Complaint. (ECF No. 22.) Miller, Jones, and Morgan (collectively "Plaintiffs") are the only remaining Plaintiffs in this action. (*See* ECF No. 21 at PageID 66.)

I.  **MOTION FOR APPOINTMENT OF COUNSEL**

Morgan requests a court-appointed attorney to represent a class of pretrial detainees at the Haywood County Jail.[1] (ECF No. 13.) "The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or ... statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993); *accord Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Appointment of counsel is not appropriate when a pro se litigant's claims are frivolous or when his chances of success are slim. *Id*.

The decision to appoint counsel for an indigent litigant in a civil case is a matter vested within the broad discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987); *see Lavado*, 992 F.2d at 604¬05. A court generally will appoint counsel only in "exceptional circumstances." *Id*. at 605¬06; *accord Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). To determine whether a case meets this standard, a court examines the pleadings and documents to assess the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *see Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether there are exceptional circumstances] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.").

---

[1] The instant case has not been certified as a class action.

After considering the motion for appointment of counsel, including the type and nature of the case, its complexity, and the Plaintiffs' ability to prosecute their claims, counsel is not necessary at this time to ensure Plaintiffs' claims are fairly heard. *See Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The issues in this case are not complex, and the allegations do not demonstrate exceptional circumstances warranting appointment of counsel at this time. *See Kennedy v. Doyle*, 37 F. App'x 755, 757 (6th Cir. 2002). From these filings, it appears that Plaintiffs can prosecute their claims from jail. Like all prisoners proceeding *pro se* before the Court, Plaintiffs must familiarize themselves with, and follow, the Court's Local Rules and the Federal Rules of Civil Procedure. The Court cannot act as counsel for Plaintiffs. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (District Courts "have no obligation to act as counsel or paralegal" to pro se litigants).

The motion for appointment counsel (ECF No. 13) does not demonstrate exceptional circumstances warranting appointment of counsel. The motion is **DENIED**, subject to the right to re-file an application for counsel if the case proceeds.

## II.  THE ALLEGATIONS

Morgan's motions to amend the complaint (ECF Nos. 15 and 22) are **GRANTED** pursuant to Fed. R. Civ. P. 15(a)(1) & (2). The allegations in ECF Nos. 1, 15, and 22 (the "Consolidated Complaint") are consolidated for purposes of screening.

Plaintiffs allege claims of unconstitutional conditions of confinement and seek relief under 42 U.S.C. § 1983 for: (1) unsanitary conditions and lack of cleaning supplies; (2) denial of outdoor recreation; (3) inadequate indoor space for exercise; (4) inadequate medical care; (5) a nutritionally deficient diet; (6) no coffee; (7) being treated differently from convicted inmates; (8) spiders in the cells; and (9) black mold in the showers. (ECF No. 1 at PageID 9-10; ECF No. 15 at PageID 45.)

Plaintiffs allege denial of the right of access to courts.  (ECF No. 1 at PageID 10; *see also* ECF No. 15 at PageID 44.)[2]

Plaintiffs allege that they are not provided a well-rounded diet with "peanut butter being 'cut' with vegetable oil, possibly pork hot dogs with both Muslim and Jewish communities represented."  (ECF No. 1 at PageID 9.)

Morgan alleges that, as a Kabbalistic Jew, he is being refused a kosher diet and required holiday meals in violation of the Religious Land Use And Institutionalized Persons Act ("RLUIPA").  (ECF No. 15 at PageID 44.)  He asserts that he has irritable bowel syndrome and has been refused kosher "dietary fixes."  (*Id.*)

Morgan alleges claims of failure to protect because inmate Mark Snipes assaulted Morgan and threatened him "with having my head busted."  (*Id.*)  Morgan alleges that he called over the intercom when the threat was made and that he was told "You're a killer, deal with it!"  (*Id.*)  Morgan contends that Sgt. Pike and Lt. Tyus have intentionally placed Morgan near Snipes after Morgan filed grievances and wrote letters to Garrett requesting assault charges against Snipes and to be separated from him.  (ECF No. 22 at PageID 69.)

Morgan alleges that he has been "put at risk of assault or death by inmates" and "locked down excessively when I retreated from the menace who threatened to 'kill me and fuck my dead body' over me simply checking what the score was on the Oilers game during commercials during my 'rec' time."  (*Id.*)  Morgan alleges that he called over the intercom to report the threat, and Snipes "started mouthing threats at me and chasing me."  (*Id.*)  Morgan alleges that he ran upstairs

---

[2] Plaintiffs allege that their rights under the Tennessee Constitution, Article 1, Section 9 "are definitely being strained," but Plaintiffs assert that "this is a separate matter." (ECF No. 1 at PageID 11.)  Plaintiffs have not alleged a state constitutional claim.

4

to the safety of his cell and that this has happened before. (*Id.*) Morgan alleges that Tyus put him on "rec" with Snipes in retaliation for filing the § 1983 complaint. (*Id.* at PageID 69.) Morgan contends that he has "a small bruise under my eye and a fat lip", that he has been "locked down" in his cell, and that he was refused time outside the cell after he told officers that Snipes was holding a razor blade in Snipes's palm and that he chased and threatened Morgan. (*Id.* at PageID 70.) Morgan alleges that, on November 29, 2024, Pike closed Morgan's cell, refused to discuss the matter saying that Morgan was "not going to be safe here anymore", and called Morgan "a snitch rat scared bitch." (*Id.*)

Morgan alleges that he received a food tray with "dread/Afro-American type hair" in it and that when he complained to C.O. Hill, Morgan was "not fed for over 3 hrs after [Hill] spit on my cell window screaming 'Don't play with me and my boy'." (ECF No. 15 at PageID 44.) Morgan contends Hill was referring to Snipes as his "boy." (*Id.*)

Morgan alleges that he has been diagnosed with Stage II chronic obstructive pulmonary disorder ("COPD") and received "Buspar", which he claims is an anti-anxiety medication. (*Id.* at PageID 45.) Morgan contends that Buspar "has done little for my nerves besides lead me to depression and first time in my life ideations of Felo De Se." (*Id.*) He alleges violations of his First, Fourteenth, and Eighth Amendment rights. (*Id.* at PageID 45.)

The defendants named in this action are: (1) Captain Tonya Fisher; (2) Haywood County Sheriff Billy Garrett; (3) Lieutenant First Name Unknown ("FNU") Tyus; (4) Corrections Officer FNU Hill; (5) Corrections Officer "Lil Z"; and (6) Sgt. Pike. (ECF No. 1 at PageID 9; ECF No. 15 at PageID 44; ECF No. 22 at PageID 69.) The Clerk is DIRECTED to modify the docket to add Tyus, Hill, "Lil Z", and Pike as defendants.

5

Plaintiffs seek: (1) unspecified declaratory relief; (2) injunctive relief requiring exercise and recreation area access and a kosher diet that respects Morgan as a Kabbalistic Jew and his "holiday diet" requirements; and (3) unspecified monetary damages. (ECF No. 1 at PageID 9; ECF No. 13; ECF No. 22 at PageID 70.)

### III.    LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

6

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## IV. ANALYSIS

### A. § 1983 Claims

In the Consolidated Complaint, Plaintiffs have alleged constitutional violations pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiffs do not specify whether they are suing the Defendants in their official or individual capacities. Although it is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," the failure to do so is not fatal if the "course of proceedings" indicates that the defendant received sufficient notice that the intent was to hold the defendant

7

personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). The Sixth Circuit has applied a "course of proceedings" test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold a defendant personally liable. *Id.* at 773; *see Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *3 (6th Cir. Apr. 1, 2024); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (noting that the "course of proceedings" in unspecified capacity cases typically will indicate the nature of the liability sought to be imposed). The "course of proceedings" test considers the nature of the plaintiff's claims, requests for compensatory or punitive damages, the nature of any defenses raised in response to the complaint, and whether subsequent filings put the defendant on notice of the capacity in which he or she is sued. *Moore*, 272 F.3d at 772 n.1 (citing *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)).

Based on the course of proceedings to date, Plaintiffs' claims against the Defendants are official capacity claims. The official capacity claims in the Consolidated Complaint are treated as claims against Haywood County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

Haywood County may be held liable *only* if Plaintiffs' injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the

8

municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Plaintiffs do not allege that they have been deprived of a right because of a Haywood County policy or custom. Plaintiffs instead seek relief based on general allegations about conditions of confinement at the Haywood County Jail. Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiffs' theory of liability, *see, e.g.*, *Fowler v. Campbell*, No. 3:06 CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007). The allegations of the Consolidated Complaint fail to identify an official policy or custom of Haywood County which injured Plaintiffs.

Plaintiffs' § 1983 claims in the Consolidated Complaint against Haywood County or against any Defendant in his or her official capacity are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

**B. RLUIPA Claim**

Under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C.A. §§ 2000cc et seq., "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person — (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). To state a claim under RLUIPA, a prisoner must (1) "demonstrate that he seeks to exercise religion out of a 'sincerely held religious belief'" and (2) "show that the

9

government substantially burdened that religious exercise." *See Ackerman v. Washington*, 16 F.4th 170, 179 (6th Cir. 2021) (citing *Cavin v. Michigan Dep't of Corr.*, 927 F.3d 455, 458 (6th Cir. 2019)). The sincerity prong requires courts "'to determine whether the line drawn' by the plaintiff between conduct consistent and inconsistent with her or his religious beliefs 'reflects an honest conviction.'" *Id.* at 180 (quoting *New Doe Child #1 v. Cong. of United States*, 891 F.3d 578, 586 (6th Cir. 2018) ). This prong is a credibility assessment that asks if the plaintiff's religious belief is honest. *Id.* at 181. The Government substantially burdens an exercise of religion when it places "substantial pressure on an adherent to modify his behavior and to violate his beliefs or effectively bars his sincere faith-based conduct." *Id.* at 184; *see Ali v. Adamson*, No. 24-1540, 2025 WL 941291 (6th Cir. Mar. 28, 2025) ("[a] substantial burden exists if the government "effectively forc[es prisoners] to choose between engaging in conduct that violates sincerely held religious beliefs and facing a serious consequence").

Morgan alleges a RLUIPA claim based on the denial of kosher meals and holiday meal requirements, namely Rosh Hashanah, as a Kabbalistic Jew and Jewish American. (ECF No. 13 at PageID 40; ECF No. 15 at PageID 44.) Morgan says that "even 'turkey ham' is not kosher as it is made with intestines and organ meats." (*Id.*)

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Morgan makes a conclusory allegation that he was denied kosher and holiday meals in violation of RLUIPA. Morgan alleges no specific facts about his religious belief other than that he is a Kabbalistic Jew. He does not allege when he was denied kosher or holiday meals, the nature of the holiday meal required, or who denied the meals in questions. All denials of kosher or holiday

10

meals do not violate RLUIPA rights. *See Resch v. Rink*, 2:21-cv-227, 2022 WL 794849, at *4 ( W. D. Mich. Mar. 16, 2022); *see O'Connor v. Leach*, No. 1:18-cv-977, 2020 WL 2187814, at *2 (W.D. Mich. May 6, 2020) (temporary removal from Kosher meal programs does not constitute a substantial burden under RLUIPA); *see Berryman v. Granholm*, No. 06-CV-11010-DT, 2007 WL 2259334, at *3 (E.D. Mich. Aug. 3, 2007) (temporary removal from kosher meal plan did not substantially burden the practice of Judaism); *see Lewis v. Zon*, 920 F. Supp. 2d 379, 385 (W.D.N.Y. 2013) ("It is well settled that periodic or temporary denial of religious meals does not constitute 'substantial' interference with free exercise, and is insufficient to establish a First Amendment claim."). Morgan must show that a "governmental entity," 42 U.S.C. § 2000cc-5(4)(A)(i), imposed "a substantial burden on" his religious exercise, *id*. § 2000cc-1(a). *See Ali*, 2025 WL 941291. Morgan has not identified any substantial burden or any government policy that imposes one. Morgan's allegations do not support a claim under RLUIPA. Morgan's RLUIPA claim is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

V.  **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001)

11

("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the complaint under the conditions set forth below.

## VI.   CONCLUSION

For the reasons set forth above:

A.   The Consolidated Complaint is DISMISSED WITHOUT PREJUDICE in its entirety for failure to state a claim on which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

B.   Leave to amend is GRANTED.  Amended claims must be filed within twenty-one (21) days after the date of this Order.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of the claims.  An amended complaint *supersedes* the Consolidated Complaint and must be complete in itself without reference to the prior pleadings.  Plaintiffs must each sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  An individual plaintiff's failure to sign the amended complaint will be construed as an abandonment of the action, and the individual plaintiff will be dismissed without prejudice from the case.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the Consolidated Complaint.

Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Plaintiffs fail to comply with Rule 8 and the Court's instructions for pleading amended claims, the Court will dismiss improperly pled amended claims with prejudice.

        C.       If Plaintiffs fail to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

        D.       Plaintiffs must promptly notify the Clerk, in writing, of any change of address. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

        E.       Plaintiff Morgan's Motion for Preliminary Injunction and For Appointment of Counsel is DENIED, subject to refiling if the case proceeds.

        IT IS SO ORDERED this *15th* day of August, 2025.

                                      /s/ *Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE